Edward C. SAUNDERS and John
Serson, Plaintiffs–
Appellants,

v.

MCDONALD INVESTMENTS INC.,
Defendant–Appellee.

No. 03–9085.

United States Court of Appeals,
Second Circuit.

Aug. 23, 2004.

Ethan A. Brecher, New York, NY., for Plaintiffs–Appellants.

John J. Peirano, Newark, NJ., for Defendant–Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## AMENDED SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs–Appellants Edward C. Saunders and John Serson appeal from the judgment of the U.S. District Court for the Southern District of New York (Preska, J.), dated September 30, 2003, granting Defendant–Appellee McDonald Investments Inc.'s ("McDonald") motion for summary judgment.

The following discussion assumes the parties' familiarity with the facts. John Serson was hired by the New York office of McDonald, a brokerage firm headquartered in Cleveland, Ohio, in 1987 as an equity salesman. Edward Saunders, who is Serson's brother, was hired by McDonald in 1996 "to assist Serson in servicing Serson's account base." At the time they were terminated by McDonald, Serson and Saunders were 50 and 51 years old, respectively.

Beginning at some time in 1998, Kenneth Patsey, McDonald's Manager of Institutional Equity Sales, attempted to implement a new organizational strategy for the New York office. In Patsey's view, Saunders and Serson were both highly resistant to his efforts. Patsey testified that he told both Saunders and Serson in June 2000 that their employment with McDonald was threatened by their failure to cooperate. Moreover, in separate letters to Saunders and Serson, dated August 7, 2000, Patsey warned them that they faced termination should their attitude not improve.

Counsel for Serson and Saunders faxed a letter to the General Counsel of McDonald, dated November 22, 2000, expressing a belief that the firm was "discriminating against them on account of their age." Serson and Saunders were terminated on January 30, 2001.

The complaint in the instant action was filed in September 2001 and asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and New York State and New York City age discrimination statutes. The complaint also asserts that McDonald illegally retaliated against Serson and Saunders for asserting their rights under the ADEA. *See* 29 U.S.C. § 623(d). Finally, the complaint brings a common law claim of defamation based upon the allegation that McDonald asserted on forms required to be filed with the National Association of Securities Dealers ("NASD") that Serson and Saunders had been terminated for "violation of Company policy not related to the purchase or sale of securities."

"We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Jetter v. Knothe Corp.,* 324 F.3d 73, 75 (2d Cir.2003). Applying this standard, we affirm the district court's grant of summary judgment in favor of McDonald.

**A. Age Discrimination.** The district court assumed *arguendo* that the plaintiffs had established a prima facie case of age discrimination under the ADEA. That is,

the district court assumed that Serson and Saunders had demonstrated that they were: (1) within the class of individuals protected under the ADEA; (2) qualified to hold their positions as equity traders; (3) subjected to adverse employment actions; and (4) subjected to these actions under circumstances giving rise to an inference of discrimination based upon age. *See Terry v. Ashcroft,* 336 F.3d 128, 137–38 (2d Cir.2003).

Having assumed the existence of a prima facie case, the district court then considered whether McDonald had offered legitimate, non-discriminatory, reasons for terminating Serson and Saunders. *See id.* We believe that the district court reasonably concluded that "it is undisputed that interacting positively with fellow team members and refraining from conduct offensive to others was a requirement of the plaintiffs' positions." *See, e.g., Jetter,* 324 F.3d at 77 (plaintiff was properly terminated for "disregard of company rules and practices"). It was plain to the district court, and we agree, that Serson and Saunders did not meet this standard.

■ Serson and Saunders do not dispute that their supervisors at McDonald were highly dissatisfied with their conduct. Nor do they deny that colleagues at McDonald complained about them. Rather, they simply declare that their supervisors were nevertheless motivated by discriminatory animus. The problem with this argument is that the plaintiffs' proffer of evidence of discriminatory animus is wholly insubstantial. First, they allege that Patsey and Reiches made at least four statements indicative of a desire to fill the New York office with younger equity traders. But the district court analyzed each of these and found them to be remarks made over the course of six years which are ambiguous in so far as they can be considered as expressions of a desire for hiring chronologically younger equity trad-

ers. Such "stray remarks" alone do not support a discrimination suit. *Cf. Danzer v. Norden Systems, Inc.,* 151 F.3d 50, 56 (2d Cir.1998).

Serson and Saunders also contend that Patsey's record of hiring equity traders demonstrates his discriminatory animus. The district court correctly found, however, that "the statistical evidence proffered is incomplete in that it does not provide for comparison of ages of the relevant labor pool or those who applied for the positions at issue."

We therefore conclude that Serson and Saunders have failed to present evidence "sufficient to permit a rational finder of fact to infer that [McDonald's] employment decision was more likely than not based in whole or in part on discrimination." *Terry,* 336 F.3d at 138 (citation and internal quotation marks omitted). Further, because age discrimination claims under New York State and New York City statutes "are subject to the same analysis as claims brought under the ADEA," *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001), these claims were properly dismissed as well.

■ **B. Retaliation.** It is correct that the plaintiffs were fired shortly after McDonald's General Counsel had received a letter from their counsel alleging the possibility of age discrimination. As the district court observed, however, the "plaintiffs themselves testified that they regarded their jobs as being in jeopardy as of August of 2000, months before the November 22 letter." Thus, because the plaintiffs were subjected to adverse employment actions "well before [they] had ever engaged in any protected activity [under the ADEA], an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance America Corp.,* 248 F.3d 87, 95 (2d Cir.2001).

■ **C. Defamation.** It is undisputed that McDonald was required by NASD

rules to file a statement regarding the reason for the termination of Serson and Saunders and that they were so informed of this requirement. McDonald explained the terminations as resulting from a "violation of company policy not related to the purchase or sale of securities." Upon our review of the record, we conclude that there is no triable issue of fact as to whether the statement was made with "malice" as the term is used in New York libel law. *See Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 62–63 (2d Cir. 1993). The statement is therefore privileged. *See Fahnestock & Co. v. Waltman*, 935 F.2d 512, 516 (2d Cir.1991).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**